IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FIRST NATIONAL BANCORP INC., *et al.*,

        Plaintiffs,

vs.                                                                                            Civ. No. 14-00387 MCA/WPL

KRISTINA ALLEY, *et al.*,

        Defendants.

## **ORDER**

This case is before the Court upon Defendants' *Motion to Dismiss Count V of the Amended Complaint* [Doc. 31]. The Court has considered the parties' written submissions, the record in this case, and the applicable law, and is otherwise fully advised in the premises. The Motion will be denied.

Count V of Plaintiffs' Amended Complaint purports to allege past and ongoing violations of the New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 to -26. Defendants' motion to dismiss Count V turns upon a question of law: Does the NMUPA recognize a claim by a competitor-plaintiff against a competitor-defendant, both of whom are engaged in the sale of services to consumers? The Court concludes that it does under the facts alleged by Plaintiffs in their Amended Complaint.

Fed. Civ. P. Rule 8(a)(2) requires a complaint to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." For decades, Rule 12(b)(6) motions were governed by a test taken from *Conley v. Gibson*, 355 U.S. 41

1

(1957).  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Supreme Court retired *Conley*'s test, replacing it with the following test: "to withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570).  In applying this test, a court accepts as true all "plausible, non-conclusory, and non-speculative" facts alleged in the plaintiff's complaint,  *Shrader v. A1 Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011); provided, that "the tenet that a court must accept as true all of the allegations contained in a complaint is in applicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In short, in ruling on a Rule 12(b)(6) motion, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Collins*, 656 F.3d at 1214.

Defendants' argument for dismissal of Count V derives not from the plain language of the NMUPA, but rather from a line of cases originating with *Santa Fe Custom Shutters & Doors, Inc. v. Home Depot*, 137 N.M. 524 (Ct. App. 2005) (hereafter "SFCS&D"). Defendants focus on a statement by the New Mexico Court of Appeals in SFCS&D that "[c]onsistent with its purpose as consumer protection legislation, the UPA gives standing only to buyers of goods or services." *Id.* at 530 (citation omitted).  It is crucial for purposes of this analysis to recognize that SFCS&D did not involve a claim by a competitor-plaintiff against a competitor-defendant.  In SFCS&D, the New Mexico Court of Appeals was addressing a claim by a seller of goods and services against the buyer of

2

those goods and services.  Neither SFCS&D, nor any other New Mexico appellate decision, has turned upon and decided the issue of competitor standing under the NMUPA. The sole New Mexico appellate case that mentions competitor standing under the NMUPA, *Page & Wirtz v. Solomon*, 110 N.M. 206 (1990), did so in dicta.  That dicta strongly suggests that the New Mexico Supreme Court would recognize competitor standing should a case presenting that issue come before the court. *Id.* at 211(suggesting that competitor of NMUPA defendant would have standing to obtain injunction against deceptive advertising and that both consumers and a competitor of enterprise engaged in deceptive practice could recover damages upon a showing of "loss of money or property").  In making an "*Erie*-guess," the Court's goal is to make an accurate prediction of how the state's highest court would decide the question. *Grynberg v. Total S.A.*, 538 F.3d 1336, 1354 (10th Cir. 2008).  Thus, state supreme court dicta, "which represents the court's own comment on the development of [state] law, surely can be instructive." *Valley Forge Ins. Co. v. Health Care Mgt. Partners, Ltd.*, 616 F.3d 1086, 1093 (10th Cir. 2010).

   The New Mexico Supreme Court applies the following principles in construing a statute:

> "Our principal goal in interpreting statutes is to give effect to the Legislature's intent."  To glean the Legislature's intent, the Court "first turn[s] to the plain meaning of the words at issue." This Court will only proceed with further statutory analysis "[i]f the relevant statutory language is unclear, ambiguous or reasonably subject to multiple interpretations."

 *In re Grace* _N.M._,_ 2014 WL 4638903 *8 (citation omitted).

3

Further, "[s]ince the UPA constitutes remedial legislation, '[courts] interpret the provisions of this Act liberally to facilitate and accomplish its purposes and intent.'" *Truong v. Allstate Ins. Co.*, 147 N.M. 583, 591 (2010) (quoting *State ex rel Stratton v. Gurley Motor Co.*, 105 N.M. 803, 808 (Ct. App. 1987)).

In the present case, Plaintiffs rely upon the definitions of unfair practices set out in paragraphs (2),[1] (3),[2] (8)[3] of Subsection 57-12-2(D). They allege that Defendants have confused and misled former and potential consumers of FSFA's investment services by (1) using a name, "Santa Fe Advisors" that is confusingly similar to the name of Plaintiff "First Santa Fe Advisors," (2) creating a website that is confusingly similar in feel and appearance to FSFA's website, and (3) making misleading statements to FSFA's existing or potential customers, including statements that blur the distinction between FSFA and SFA, and statements that FSFA is going out of business. Plaintiffs allege that at least fifty-one of FSFA's former customers are now customers of SFA.

The definition of an unfair or deceptive trade practice requires that the practice occur "in connection with the sale . . . of goods or services." NMSA 1978, §57-12-2(D).[4] The New Mexico Court of Appeals has rejected the argument that the "in connection with" requirement of § 57-12-2(D) requires a showing of a misrepresentation in the course of selling a product or services to the *plaintiff. Maese v. Garrett*, __N.M.__,__, 329 P.2d

---

[1] "[C]ausing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services[.]"
[2] "[C]ausing confusion or misunderstanding as to the affiliation, connection or association with or certification by another[.]"
[3] "[D]isparaging the goods, services or business of another by false or misleading representations[.]"
[4] In *Maese v. Garrett*, __N.M.__, 329 P.3d 713, 721 (Ct. App. 2014), the New Mexico Court of Appeals held that financial advising is a service for purposes of the NMUPA.

713, 720 (Ct. App. 2014). Rather, "[the NMUPA] merely requires that a misrepresentation be 'made *in connection with* the sale . . . of goods' *generally*." *Lohman v. Daimler-Chrysler Corp.*, 142 N.M. 437, 443 (Ct. App.2007) (emphasis added). Therefore, sales of goods or services by SFA to consumers of investment services can satisfy the statutory requirement that the unfair practice occur "in connection with the sale …of goods or services."

"Person" is defined very broadly, as "where applicable, natural persons, corporations, trusts, partnerships, associations, cooperative associations, clubs, companies, firms, joint ventures or syndicates." NMSA 1978 § 57-12-2(A). Plaintiffs unquestionably fall within one or more of these classes of persons.

The NMUPA grants statutory standing to two broad categories of persons: "[a] person likely to be damaged by an unfair or deceptive trade practice," NMSA 1978, § 57-12-10(A) and "[a]ny person who suffers any loss of money or property. . . as the result of any employment by another of a method, act or practice declared unlawful by [this Act]," § 57-12-10(B). Plaintiffs are likely to be damaged and may have suffered the loss of money if consumers who desire to contract with FSFA instead contract with SFA in the mistaken belief that SFA is the continuation of FSFA or an affiliate of FNBSF. Similarly, Plaintiffs are likely to be damaged or may have suffered the loss of money if consumers decline to contract with FSFA in the mistaken belief that it is going out of business and therefore believe that it would be futile to contract with FSFA.

The Court concludes that when the pertinent provisions of the NMUPA are applied according to their plain meaning to the facts alleged by Plaintiffs, Plaintiffs have made out plausible violations of paragraphs (2), (3) and (8) of § 57-12-2(D).

To the extent that public policy ought to inform the Court's construction of the NMUPA, the Court relies on the point observed by the Honorable C. Leroy Hansen in a similar case before this Court:

> [T]he true holding of [SFCS&D] is that a seller of goods cannot sue the buyer of its goods under the NMUPA. . . . [SFCS&D] [did] not address[] the situation here, of a competitor who is suing a seller of goods for misrepresentations made to other buyers that caused harm to the competitor. *In this case, even though the suit is brought to remedy alleged harms to the competitor, Plaintiffs have alleged that Defendants are making false representations to the consuming public, and thus, this suit serves the purposes of the legislation as a consumer protection statute, albeit indirectly.*

*The Navajo Nation v. Urban Outfitters, Inc.*, 935 F. Supp. 2d 1147, 1173 (D.N.M. 2013) (citation omitted) (emphasis added). Although the New Mexico Supreme Court will depart from the plain meaning rule where "'one reason or another give[s] rise to legitimate (i.e., nonfrivolous) differences of opinion concerning the statute's meaning" or where "'a formalistic and mechanical statutory construction . . . would be absurd, unreasonable, or contrary to the spirit of the statute,'" *In re Grace*, __N.M.__, __, 2014 WL 4638903 *8 (citations omitted), the Court perceives no public policy reason for departing from the plain meaning rule in this case. Applying the plain meaning of the pertinent provisions of the NMUPA to the facts alleged in support of Count V does not produce an outcome that is "absurd, unreasonable, or contrary to the spirit of the [NMUPA]."

This Court recognizes that Judge Hansen ultimately concluded in a subsequent opinion in *Navajo Nation* that in view of SFCS&D and its progeny, including decisions of other United States District Judges, a business competitor lacks standing under the NMUPA to sue a competitor for misrepresentations that damage the plaintiff-competitor by misleading or confusing the consuming public. *The Navajo Nation v. Urban Outfitters, Inc.*, Civ. No. 12-0195 LH/WDS [Doc. 81 at 15-19]. Judge Hansen, citing decisions authored by the Honorable Bruce Black and the Honorable William P. Johnson, reasoned that recognizing competitor standing would expand NMUPA standing beyond the law as interpreted by New Mexico courts. This Court respectfully disagrees with Judge Hansen's conclusion that recognizing competitor standing would amount to impermissible expanding of New Mexico law. A case such as *Navajo Nation* or the present case merely requires the court to apply the provisions of the NMUPA to a fact pattern that has not yet been squarely addressed by a New Mexico appellate court. In doing so, a federal court is not creating liability based on its own view of public policy; rather, it is merely acknowledging liability imposed according to the plain meaning of the language enacted by the New Mexico Legislature. *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262 (10th Cir. 2000), the case cited by Judge Hansen for the proposition that a federal court should not expand state law beyond the law as interpreted by state courts, concerned a state common-law tort, rather than application of a state statute. Straightforward statutory construction of the NMUPA does not embroil the Court in the weighing and balancing of public policy that arises in the development of judge-made common law because the required weighing and balancing of public policy interests was accomplished by the New

7

Mexico Legislature when it enacted the NMUPA. "[I]f the meaning of a statute is truly clear—not vague, uncertain, ambiguous, or otherwise doubtful—it is of course the responsibility of the judiciary to apply the statute as written and not to second-guess the legislature's selection from among competing policies or adoption of one of perhaps several ways of effectuating a particular legislative objective." *State ex rel Helman v. Gallegos*, 117 N.M. 346, 352 (1994); *see also Haugen*, 222 F.3d at 1271 ("When the terms of a statute are unambiguous, our inquiry is complete, except in rare and exceptional circumstances.") (quoting *Aulston v. United States*, 915 F.2d 584, 589 (10th Cir. 1990)). And to the extent the Court's construction is informed by concerns of federalism and comity, it surely must be the case that misconstruing a remedial statute such as the NMUPA so as to deny the unambiguous language enacted by the New Mexico Legislature its full scope is offensive to federalism and comity.

Here, the Court is presented with (1) the unambiguous language of the NMUPA; (2) the New Mexico Court of Appeals' statements in SFCS&D construing the NMUPA in a factual and legal context that did not implicate competitor standing;  (3) statements in subsequent New Mexico Court of Appeals opinions applying SFCS&D in factual and legal contexts that do not implicate competitor standing;  (4) cases from this Court[5] applying the holding of SFCS&D to bar competitor standing;  (5) New Mexico Supreme Court dicta construing the NMUPA to allow competitor standing in certain contexts such as deceptive advertising; and (6) New Mexico Supreme Court precedent declaring the

---

[5] In addition to Judge Hansen's supplemental opinion in *Navajo Nation*, the Court has considered *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 708 F. Supp. 2d 1209 (D. N.M. 2010);  *Mak Towing, Inc. v. Danlar Collision, Inc.*,  Civ. No. 12-487 WJ/LFG [Doc. 47]; and *Trademarks Holding, LLC v. Amer. Prop. Mgt. Corp.*, Civ. No. 07-167 BB/WDS [Doc. 168].

NMUPA a remedial statute to be liberally construed.  The Court concludes that factors (1), (5) and (6) coupled with the absence of any New Mexico appellate authority expressly ruling out competitor standing outweigh any remaining factors.  The Court is persuaded that when the issue comes before the New Mexico Supreme Court, that court, consistent with dicta in *Page & Wirtz*, will construe the unambiguous language of the NMUPA as authorizing competitor standing in circumstances such as those alleged in Count V of Plaintiffs' Amended Complaint.

**WHEREFORE, IT HEREBY IS ORDERED** that Defendants' *Motion to Dismiss Count V of the Amended Complaint* [Doc. 31] is **denied**.

**So ordered this 6th day of November, 2014.**

_____
M. CHRISTINA ARMIJO
Chief United States District Judge